■ JANICE KEAVENEY, Respondent, v TRANS WORLD AIRLINES, INC., et al., Appellants. [655 NYS2d 519] —Order, Supreme Court, New York County (Stephen Crane, J.), entered February 5, 1996, to the extent that it denied defendant employee's motion to vacate his default, unanimously reversed, on the law, without costs, and the motion is granted. Appeal from order of the same court (Norman Ryp, J.), entered May 2, 1996, which denied defendants' motion to reargue an earlier order precluding the employee's testimony at trial, unanimously dismissed, such later order being non-appealable.

The individual defendant, a steward serving aboard a Trans World Airlines (TWA) international flight, allegedly harassed and humiliated the plaintiff passenger with an utterly tasteless, sexually oriented prank. After suit commenced and issue was joined by service of a single answer on behalf of both defendants, the steward defaulted on a scheduled appearance for his deposition. He purportedly was never personally served with process, and was never even consulted by TWA's counsel before issue was joined on his behalf. Indeed, the steward claims that he first learned of the pendency of this action just five days prior to the deposition date, when he received a telephone call from TWA's counsel apprising him of his obligation to appear. Before the examination date, the steward applied for, and was refused, an adjournment to consult with separate counsel concerning his broad exposure to personal liability on a punitive damage claim.

We do not view the steward's default, under these circumstances, as a willful failure to appear for court-ordered discovery. The order totally precluding his testimony at trial, and imposing a monetary sanction solely against him, was an improvident exercise of discretion by the IAS Court.

Defendants' joint answer contained an affirmative defense which alleged that the steward's conduct, if proved, was outside the scope of his employment, meaning that any liability, if established, would be solely his. Even though this defense was subsequently withdrawn, this should still have alerted defense counsel and the court to at least the possibility of a conflict of interest at the time the alleged default occurred. When the

preclusion order issued, the steward may not have had the benefit of counsel effectively representing his interests, as distinct from those of his employer, TWA. Thus, even if there was a technical default, it was clearly excusable on this record. Concur—Wallach, J. P., Nardelli, Williams and Tom, JJ.